NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL AVILES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 18-1940-BRM-DEA |
| v. | : | |
| | : | |
| CONRAD CAVIN TILSON, *et al.*, | : | OPINION |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Michael Aviles's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Middlesex County based on this Court's lack of jurisdiction. (ECF No. 3.) Defendants Conrad Cavin Tilson ("Tilson") and Crete Carrier Corporation ("Crete") (collectively, "Defendants") oppose the Motion. (ECF No. 4.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rules of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiff's Motion to Remand is **DENIED**.

**I.    BACKGROUND**

The following facts are drawn from the Complaint, the Amended Complaint and the parties' briefs. This case arises from a motor vehicle accident occurring on August 31, 2015. (Compl. (ECF No. 1-1) at ¶¶ 1, 4; Am. Compl. (ECF No. 1-2) ¶¶ 1, 4.) Plaintiff alleges he was struck by a vehicle operated by Tilson and owned by Crete. (*Id*. ¶ 2.) Plaintiff contends Defendants "were negligent in the maintenance, supervision, ownership, operation and control of their motor vehicle[]," causing Plaintiff to suffer serious injuries as a result of the accident. (*Id*. ¶¶ 4-5.)

Specifically, Plaintiff states he suffers "severe personal injuries, both temporary and permanent[,] . . . significant limitations of use of body functions or systems, . . . severe pain, anguish and emotional distress, [and] has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and . . . be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries." (*Id.* ¶ 5.)

On August 14, 2017, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, and filed an Amended Complaint thereafter on August 17, 2017.[1] (ECF No. 1-1 at 2; ECF No. 1-2 at 2.) Defendants were served on November 1, 2017. (Motion to Remand (ECF No. 3) ¶ 4.) On November 17, 2017, Defendants filed a request for an extension to submit their answer. (Stipulation, Ex. C (ECF No. 1-3) at 13.) On December 18, 2017, Defendants filed their Answer and sent Plaintiff a Request for Statement of Damages. (*Id.* at 1; Statement of Damages I, Ex. C (ECF No. 4-3) at 1.) Because Plaintiff did not respond to the initial request, Defendants sent another request for Statement of Damages on January 24, 2018. (Statement of Damages II, Ex. D (ECF No. 4-4) at 1.) On February 1, 2018, Plaintiff responded to the request, demanding relief in the amount of $1,000,000. (Pl.'s Damages Letter, Ex. F (ECF No. 4-6) at 1.) On February 12, 2018, Defendants filed their Notice of Removal. (Notice of Removal (ECF No. 1) at 1.)

Plaintiff now seeks to remand the action to state court, arguing the Notice of Removal was filed beyond thirty days of receipt of the initial pleadings, and therefore untimely. (ECF No. 3 ¶ 4.) Defendants contend their Notice of Removal was not untimely because it was filed within thirty days of February 1, 2018, the date Defendants became aware the action was removable. (Defs.' Br. (ECF No. 4) at 3.)

---

[1] Although the Amended Complaint is dated August 14, 2017, Plaintiff filed it on August 17, 2017. (Motion to Remand (ECF No. 3) ¶ 4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332; *see also Carden v. Arkoma Assocs.*¸ 494 U.S. 185, 187 (1990). Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal

diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403.

### III. DECISION

Plaintiff seeks to remand this action to state court, arguing removal was improper because Defendants' Notice of Removal was procedurally defective. (ECF No. 3 at 5.) Specifically, Plaintiff notes the Notice of Removal was filed more than thirty days after the initial pleadings, and therefore fails to meet timeliness requirement set forth in 28 U.S.C. § 1446. (*Id*. at 5-6.) Defendants state the Notice of Removal was not defective because the notice was filed within thirty days of when Defendants became aware the case was removable. (ECF No. 4 at 2.) Specifically, Defendants argue they were unaware the case was removable until Plaintiff submitted a Statement of Damages, indicating the amount in controversy exceeded the jurisdictional threshold for removal to federal court. (*Id*. at 2-3.)

Pursuant to 28 U.S.C. § 1446(b), a notice of removal for a civil action must be filed by a defendant within thirty days of receiving the complaint. The statute provides, however:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other papers from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Notably, to ascertain whether a case is removable:

> [i]t is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal. Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings[, a motion, an order, or other paper] that the amount in controversy exceeds the jurisdictional minimum.

*Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998). Accordingly, a court must undertake a two-step analysis to determine whether removal was timely. *Vartanian v. Terzian*, 960

4

F. Supp. 58, 59 (D.N.J. 1997). First, a court analyzes whether the action stated in the initial pleading was removable. *Id.* Second, if the initial pleadings did not provide a sufficient basis for removal, a court must determine when the defendant first received an amended pleading, motion, order or other paper for the defendant to reasonably and intelligently conclude whether the case was removable. *Id.*

In removal cases, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. Where a complaint does not limit its request to a precise monetary amount, a court must independently appraise the claim's value. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). To reach this determination, a claim is measured by a "reasonable reading of the value of the rights being litigated." *Id.* Because any doubts as to jurisdiction must be resolved in favor of remand, the inquiry into a claim's value "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403. Therefore, where a plaintiff "does not or cannot plead damages in a specific dollar amount but wishes the 30-day period to run from the defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading a specific allegation that damages exceed the minimum federal jurisdictional amount." *Vartanian*, 960 F. Supp. at 61-62; *see also Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993) (finding "the relevant test is not what the defendants purportedly knew, but what [the pleadings or other documents] said"), *overruled on other grounds*, *Sikirica v. Nationalwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005).

Here, neither the initial Complaint nor the Amended Complaint allege a specific dollar amount for damages. (ECF No. 1-1; ECF No. 1-2.) Moreover, the allegations in both complaints are so vague the amount in controversy is not facially apparent. By way of example, neither

complaint alleges the specific type of injuries Plaintiff sustained from the motor vehicle accident. Instead, the complaints merely state Plaintiff "was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature." (ECF No. 1-1 ¶ 5; ECF No. 1-2 ¶ 5); *see Buchanan v. Lott*, 255 F. Supp. 2d 326, 333 (D.N.J. 2003) (holding the allegations of "great pain and suffering" was insufficient to meet the amount in controversy requirement); *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 559, 567 (D.N.J. 2000) (finding while the plaintiff plead "severe injuries which required medical treatment" and "continues to suffer pain as a result of these injuries," these allegations are not enough to demonstrate claims exceed the minimal jurisdictional amount).

Additionally, while both complaints claim Plaintiff "has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries" (ECF No. 1-1 ¶ 5; ECF No. 1-2 ¶ 5), no references were made specifying the type of medical treatment required for any particular injury suffered to put Defendants on notice of damages exceeding the federal jurisdictional amount. *See Romano v. Wal-Mart Stores East, LP*, No. 16-7420, 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017) (holding the complaint contained a substantial degree of specificity where the plaintiff plead his "injuries include . . . cervical spine herniated disc necessitating fusion surgery"); *Worldwide Executive Job Search Solutions, LLC v. North Bridge Grp.*, No. 17-1907, 2017 WL 5762392, at *2 (denying a plaintiff's motion to remand because the complaint did not include any facts revealing any information about the amount of monetary damages the plaintiff suffered).

Indeed, it was not until Defendants made two requests for a statement of damages when Plaintiffs first disclosed the amount sought for his injuries. Therefore, the thirty-day removal clock began to run on February 1, 2018, when Defendants received Plaintiff's Statement of Damages.

Defendants filed to remove the action on February 12, 2018, eleven days later. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014) (noting the majority of circuit courts have concluded the "30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicate for removal are present" (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)). Accordingly, the Notice of Removal was timely filed within the thirty-day period from which Defendants' could first ascertain the case was removable.

Further, to the extent Plaintiff rely on *Carroll v. United Air Lines*, the facts in the present case are distinguishable. In *Carroll*, the court held removal was untimely because the defendant could reasonably conclude from the initial pleadings, without a precise monetary demand, whether the amount in controversy exceeded the jurisdictional minimum. 7 F. Supp. 2d at 522. The court, however, reached its conclusion because of the particular cause of action alleged in that case. *Id.* at 523. Specifically, the complaint alleged "willful misconduct" under the terms of the Warsaw Convention. *Id.* Because liability under the Warsaw Convention is limited to $75,000 unless a plaintiff can prove "willful misconduct," the court reasoned the allegation of "willful misconduct" in the context of the complaint put the defendant on notice the damages sought could reasonably exceed the jurisdictional minimum. *Id.* In contrast, here, Plaintiff's only cause of action was grounded in a negligence claim, alleging "severe personal injuries, both temporary and permanent" and "significant limitations of use of body functions or systems." (ECF No. 1-1 ¶ 5; ECF No. 1-2 ¶ 5.) No particular injuries or violations were plead for Defendants to reasonably determine the amount in controversy satisfied the requirements for federal diversity jurisdiction. *See Penn*, 116 F. Supp. 2d at 568 (finding the defendant could not establish a reasonable probability for removal where the plaintiff "does not allege the types of injury that immediately demonstrate that the

amount in controversy exceeds $75,000"). Therefore, contrary to Plaintiff's assertions, neither the initial Complaint nor the Amended Complaint plead specific allegations for Defendants to reasonably and intelligently conclude the amount in controversy exceeded the jurisdictional minimum. Accordingly, Defendants filed their notice within thirty days of when they were made aware of the amount in controversy, and therefore, the Notice of Removal was not untimely. Plaintiff's Motion to Remand on procedural defects is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 3) is **DENIED**. An appropriate Order will follow.

**Date:** September 19, 2018     */s/ Brian R. Martinotti*_____
                               **HON. BRIAN R. MARTINOTTI**
                               **UNITED STATES DISTRICT JUDGE**